UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES, FOR THE USE AND BENEFIT OF JR. BROOKS CONSTRUCTION, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:13-cv-00025-TLS |
| ESSEX ELECTRIC COMPANY, LLC and JAMES SMITH, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants', Essex Electric Company, LLC ("Essex") and James Smith, Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 18] filed on June 14, 2013. The Plaintiff, Jr. Brooks Construction, Inc., filed Plaintiff's Response to Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction [ECF No. 19] on July 5, 2013. The Motion is ripe for ruling.

**BACKGROUND**

The Plaintiff filed a Complaint against the Defendants for failure to pay for labor and materials supplied as a subcontractor pursuant to the Miller Act, 40 U.S.C. § 3133. On June 8, 2011, Defendant Essex contracted with the Department of Veteran Affairs ("VA") on a federal project known as the Marion VA Salt Dome Project ("Project"). The Plaintiff alleges that Essex then obtained a Miller Act bond in the amount of $354,555. The plaintiff alleges that Defendant Smith agreed to be bound jointly and severally with Essex on the bond. In early December 2011

the Plaintiff entered a contract to work as a subcontractor on the Project. On January 25, 2012, the government issued a "Stop Work Order" to the Plaintiff. The Plaintiff had not completed its work on the Project at that time, but ceased work on the 25th. Exactly one year later, on January 25, 2013, the Plaintiff filed a Complaint [ECF No. 1] against the Defendants for failure to pay $16,000 under one invoice and $40,908.61 under another for labor and materials provided for the Project. In total the Plaintiff has claimed $56,908.61 in unpaid invoices. The Plaintiff has further claimed the Defendants owe an additional $51,343.88 for concrete forms the Plaintiff rented for the Project. The Plaintiff alleges that the Defendants used the forms after the Plaintiff had been removed from the Project while the Plaintiff continued to pay rent. The Plaintiff also alleges that the Defendants assumed the rental costs going forward at some point in the fall of 2012.

The Defendants filed their Answer and Counterclaim [ECF No. 9] with the Court on March 15, 2013. Three months later, on June 14, they filed the instant Motion to Dismiss. The Defendants argue, based on 28 U.S.C. § 1332(a), that the amount in controversy here is less than the $75,000 minimum necessary for diversity subject matter jurisdiction. The Defendants argue that the Plaintiffs can only recover the value of the two unpaid invoices under the Miller Act. The unpaid invoices are for $16,000 and $40,908.61, for a total of $56,908.61. According to the Defendants, the concrete form rentals do not constitute "materials" as covered by bond protection under the Miller Act because they were not physically incorporated into or consumed in the project. *See Rowley v. Mid-Continent Cas., Inc.*, 2004 WL 614500 (E.D. La. 2004). Therefore, the Plaintiff's claim for an additional $51,343.88 for concrete form rental cannot be part of this action. As such, the Defendants contend the amount in controversy is below the $75,000 minimum for diversity jurisdiction.

2

In the alternative, the Defendants claim that the Plaintiff cannot recover damages for the rental value of the concrete forms because they failed to mitigate their damages. Consistent with contract law, a bond payment claimant is required to make reasonable efforts to mitigate its damages. *See United States ex rel. Apex Roofing & Insulation v. Union Indem. Ins. Co.*, 865 F.2d 1226 (11th Cir. 1989). The Defendants argue that even if the Plaintiff could recover rental costs under the Miller Act, they cannot here because they let the concrete forms sit idle for nearly 10 months after being removed from the Project. The Defendants argue that if the rent was recoverable under the Miller Act, the Plaintiff would have had to use reasonable efforts to mitigate damages rather than allowing them to accrue.

The Plaintiff argues that the Miller Act is "remedial legislation that should be read charitably to subcontractors." *See United States ex rel. S & G Excavating, Inc. v. Seaboard Sur. Co.*, 236 F.3d 883, 886 (7th Cir. 2001). Congress intended the Miller Act to protect subcontractors who supply labor and materials to general contractors for public works. *Id.* The Plaintiff alleges that the Defendants assumed the cost of the rented concrete forms in the fall of 2012. The Plaintiff argues that the Defendants would not have done so if they had not been using the concrete forms after the Plaintiff had been ordered off the job. The Plaintiff argues that the Defendants used the concrete forms after the Plaintiff was ordered off the job and after the Defendants assumed the rental costs, presumably because the Defendants continued to need and use the forms for completion of the Project. Therefore, the concrete forms should be considered as materials supplied for the Project under the Miller Act.

Additionally, the Plaintiff argues that the timing of the Motion to Dismiss was inappropriate. Federal Rule of Civil Procedure 12(b) provides that "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." The Plaintiff

3

argues the Motion to Dismiss is improper because it was filed nearly three full months after the Defendants filed their Answer.

## ANALYSIS

**A. Timing of the Motion to Dismiss**

The Plaintiff argues the Defendants waived the lack of subject matter jurisdiction defense because they did not timely file the instant Motion to Dismiss, making it improper now. A motion to dismiss for lack of subject matter jurisdiction must be made before the responsive pleading, if a pleading is allowed. Fed. R. Civ. P. 12(b). Defenses listed in Federal Rule of Civil Procedure 12(b)(2)–(5) are waived if the moving party fails to properly make a motion, to include it in the responsive pleading, or to amend the responsive pleading pursuant to Rule 15(a)(1). Fed. R. Civ. P. 12(h)(1)(B). However, the defense of lack of subject matter jurisdiction is listed in Rule 12(b)(1) and cannot be waived even if the moving party fails to timely file its motion. The Court may determine that it lacks subject matter jurisdiction and dismiss the case at any time. Fed. R. Civ. P. 12(h)(3). It is well-settled law that defendants may object to subject matter jurisdiction regardless of when the motion is filed; the objecting party may raise the motion even after they had previously acknowledged the court had jurisdiction. *See, e.g.*, *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011). In this case the Defendants filed their Answer on March 15, 2013. The Defendants filed this Motion to Dismiss three months later on June 14, 2013. Although Rule 12(b) indicates that Rule 12(b) motions should be filed before an answer, a motion to dismiss for lack of subject matter jurisdiction may be raised at any time. Therefore, the Court finds that the Defendants' delay in filing a motion to

dismiss for lack of subject matter jurisdiction does not preclude them from raising the defense here.

**B. Subject Matter Jurisdiction**

The Miller Act allows subcontractors who furnish labor or materials to a general contractor for the construction, alteration, or repair of a public building of the United States to sue for the unpaid amount or balance due under the contract. *See, e.g.*, *United States ex rel. Hussman Corp. v. Fidelity & Dep. Co. of Md.*, 999 F. Supp. 734, 741 (D.N.J. 1998). Actions under the Miller Act are brought in the name of the United States for the use of the person suing. *Id.* Courts are to liberally construe the Miller Act to effectuate Congress's intent to protect subcontractors providing material and labor to public works projects. *Id.* (citations omitted). The four elements of a *prima facie* case for a bond payment claim under the Miller Act are: "(1) the materials were supplied in prosecution of the work provided for in the contract; (2) the materialman has not been paid; (3) the materialman had a good faith belief that the materials were intended for the specified work; and (4) the jurisdictional requirements were met." *Id.* The Defendants argue that the Plaintiff has failed to meet the jurisdictional requirement of a *prima facie* Miller Act case because the amount in controversy is less than $75,000. The Defendants argue that because the amount in controversy is less than $75,000 the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. 1332(a). As a result, the Plaintiff could not have satisfied the jurisdictional element of a *prima facie* Miller Act Case. However, the case the Defendants cite to specifically discusses the jurisdictional element of a *prima facie* Miller Act case in terms of the Miller Act's one year statute of limitations. *Id.* The subject matter jurisdiction requirements laid out in 28 U.S.C. § 1332(a) are not discussed in that court's reference to the jurisdictional element

of a *prima facie* Miller Act claim. Other courts have discussed the elements of a *prima facie* Miller Act case and have also discussed the jurisdictional element in terms of the statute of limitations. For instance, the Ninth Circuit has consistently discussed the jurisdictional element in terms of timely notice and filing under the Miller Act. *See United States ex rel. Martin Steel Constructors, Inc. v. Avanti Constructors, Inc.*, 750 F.2d 759, 761 (9th Cir. 1984); *see also United States ex rel. Balzer Pac. Equip. Co. v. Fid. and Deposit Co. of Md.*, 895 F.2d 546, 551 (9th Cir. 1990) (holding the movant satisfied the jurisdictional element by bringing suit within the one year statute of limitations).

Other Circuit Courts have discussed the Miller Act's one-year statute of limitations without mentioning the *prima facie* elements of a Miller Act Case. The Circuit Courts that have addressed the one-year statute of limitations in the Miller Act have uniformly regarded the requirement as a jurisdictional limitation on the rights conferred in the Act. *See United States ex rel. Harvey Gulf Int'l Marine, Inc. v. Md. Cas. Co.*, 573 F.2d 245, 247 (5th Cir. 1978) (citing *United States ex rel. Celanese Coatings Co. v. Gullard*, 504 F.2d 466 (9th Cir. 1974); *United States ex rel. Gen. Dynamics Corp. v. Home Indem. Co.*, 489 F.2d 1004 (7th Cir. 1973); *United States ex rel. Statham Instruments, Inc. v. W. Cas. & Sur. Co.*, 359 F.2d 521 (6th Cir. 1966); *United States ex rel. Soda v. Montgomery*, 253 F.2d 509 (3d Cir. 1958)). To the extent that the word "jurisdictional" is used in those cases, the court refers to the conditional nature of the right to sue under the Miller Act, not to the subject matter jurisdiction of the court itself. *United States ex rel. Tex. Bitulithic Co. v. Fid. and Deposit Co. of Md.*, 813 F.2d 697, 699 (5th Cir. 1987).

The Plaintiff argues that this Court has subject matter jurisdiction pursuant to the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B). (Complaint 1, ECF No. 1). The Miller Act provides that "A civil action brought under this subsection must be brought in the United

States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. § 3133(b)(3)(B). Federal Courts have unanimously interpreted the language "must be brought in the United States District Court" to grant exclusive federal subject matter jurisdiction. *United States ex rel. Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 646 (7th Cir. 1987); *see also Koppers Co. v. Continental Cas. Co.*, 337 F.2d 499, 506 (8th Cir. 1964) (holding there is no doubt the statute places exclusive jurisdiction over Miller Act bond suits in federal court); *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 469 (6th Cir. 1964) (Miller Act expressly confers exclusive federal jurisdiction); *United States ex rel. Brown Minneapolis Tank Co. v. Kinley Const. Co.*, 816 F. Supp. 2d 1139, 1145 (D.N.M. 2011) (same).

The latter portion of 40 U.S.C. § 3133(b)(3)(B) provides that Miller Act cases should be brought in the appropriate district court "regardless of the amount in controversy." Consistent with the clear language of the Act, federal courts have interpreted the statute to grant exclusive federal subject matter jurisdiction regardless of the amount in controversy. The Supreme Court interpreted the Heard Act, the statutory predecessor to the Miller Act enacted in 1894 at ch. 280, 28 Stat. 278, as granting federal jurisdiction without regard to the amount in controversy. *U.S. Fid. & Guar. Co. v. Hendry Corp.*, 391 F.2d 13, 18 (5th Cir. 1968) (citing *U.S. Fid. & Guar. Co. v. United States*, 204 U.S. 349, 356 (1907)). The Court in *U.S. Fidelity & Guaranty Co. v. United States* said interpreting the original Heard Act gave reason to believe that Congress intended all suits under the Act to be brought in district courts "without regard to the amount in dispute." 204 U.S. at 358. Congress strengthened that position in 1905 when they amended the Heard Act by adding language that allowed subcontractors to bring suit in the district court in the district where the contract was to be performed "*irrespective of the amount in controversy in such suit*, and not

7

elsewhere." *Id.* (italics in original). Over time, through the different adaptations of the Miller Act, federal courts have continued to hold that they have exclusive subject matter jurisdiction over Miller Act cases regardless of the amount in controversy. *See Hendry Corp.*, 391 F.2d at 20; *Fanderlik-Locke Co. v. United States ex rel. Morgan*, 285 F.2d 939, 943 (10th Cir. 1960); *see also Kinley Const. Co.*, 816 F. Supp. 2d at 1147 (holding 2002 change to Miller Act does not reduce precedential value of previous case law on Miller Act).

The Court finds that it has subject matter jurisdiction pursuant to the Miller Act, 40 U.S.C. § 3133(b)(3). As established above, the federal district court where the contract was to be performed and executed has exclusive subject matter jurisdiction regardless of the amount in controversy. For the forgoing reasons, the Court declines to address the parties' arguments about whether the rented concrete forms constitute "materials" protectable under the Miller Act and sufficient to establish the amount in controversy for diversity subject matter jurisdiction because the Court's subject matter jurisdiction is established on other grounds.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF 18].

SO ORDERED on July 7, 2014.

s/ Theresa L. Springmann_____<br>
THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT